IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ARTHUR BLEDSOE, JR.
ADC #072514                                                                                          PETITIONER

v.                          Case No. 5:12CV00288 BSM-JTK

RAY HOBBS, Director,
Arkansas Department of Correction                                                   RESPONDENT

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

Petitioner's Motion for Default Judgment (DE #7) has been referred to the undersigned for disposition. The Motion is DENIED.

Petitioner filed his petition for writ of habeas corpus on July 26, 2012, and the Court ordered service upon Respondent Ray Hobbs and the Arkansas Attorney General on July 30, 2012. CM/ECF documents that the Clerk's Office served the Petition and Order of service that same day. For some reason, no response was filed within twenty-one (21) days of service, and on August 31, 2012, the Court again directed service. On September 12, 2012, the Arkansas Attorney General's Office entered its appearance on behalf of Respondent.

Petitioner argues he is entitled to default judgment because Respondent failed to respond with the allotted twenty-one days. Although it does not appear that the Eighth Circuit has ruled on whether habeas petitioners are entitled to default judgments for a failure to answer, every other circuit that has answered the question has decided either that petitioners are not entitled to such relief[1] or that petitioners are only entitled to such relief in extreme circumstances.[2] Several district

---

[1] *See, e.g.*, *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default

courts within the Eighth Circuit have come to the same conclusion.[3] Indeed, overturning a state conviction would hardly seem to be a proportionate sanction for a respondent's failure to file a timely response. Further, Petitioner's motion fails to allege that any prejudice resulted from the short delay. Thus, the Court finds no basis for granting the motion.

    WHEREFORE, Petitioner's Motion for Default Judgment (DE #7) is DENIED.

    SO ORDERED this 18th day of September, 2012.

                                                                                         UNITED STATES MAGISTRATE JUDGE

---

judgment"); *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir.), *cert. denied*, 469 U.S. 874 (1984); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir.), *cert. denied*, 452 U.S. 920 (1981); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (recognizing a default judgment is not contemplated in habeas corpus cases); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970) ("Rule 55(a) has no application in habeas corpus cases").

    [2]*See Lemons v. O'Sullivan*, 54 F.3d 357, 364 (7th Cir. 1995) ("Default judgment is disfavored in habeas corpus cases"); *Ruiz v. Cady*, 660 F.2d 337, 341 (7th Cir. 1981).

    [3]*White v. Hobbs*, 5:10CV00357 DPM-JTR, 2011 WL 2110424, at *1 (E.D. Ark. May 19, 2011) *report and recommendation adopted*, 5:10CV357 DPM-JTR, 2011 WL 2119127 (E.D. Ark. May 27, 2011) ("Regardless of any delay, Petitioner is not entitled to a default judgment. Default judgment is an extreme sanction that is disfavored in habeas cases, and some courts have even held that it is unavailable."); *Kennemore v. Blake*, 4:08CV173 DJS, 2009 WL 467304, at *2 (E.D. Mo. Feb. 24, 2009) (holding "extreme sanction of default judgment would be inappropriate" when petitioner was not prejudiced by fourteen-day delay in responding to petition); *Hodges v. Norris*, 5:07CV00062 SWW, 2008 WL 80547, at *7 (E.D. Ark. Jan. 3, 2008) ("Releasing a properly convicted prisoner by granting habeas relief is a disproportionate sanction for the technical violation that occurred here...."); *Robinson v. Purkett*, 4:06CV1380 CAS, 2007 WL 2485002, at *6 n.1 (E.D. Mo. Aug. 29, 2007) (finding case law did not support conclusion that failure to raise arguments is a waiver); *Rollen v. Steele*, 4:06CV1114 CAS-MLM, 2007 WL 1125711, at *1 (E.D. Mo. March 26, 2007) ("Whether a default judgment is available in a *habeas corpus* proceeding is doubtful."); *Nord v. Davis*, 89 F.Supp.2d 1092, 1093 (D.S.D. 2000) ("Although he argues to the contrary, petitioner is not entitled to default judgment based on the government's failure to respond to his abuse of discretion argument.").