IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| ARTHUR BLEDSOE, JR., | ) | |
| ADC # 072514 | ) | |
|    Petitioner, | ) | **Case No. 5:12-CV-00288 BSM-JTK** |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, | ) | |
| Arkansas Department of Correction | ) | |
|    Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Chief Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Arthur Bledsoe, Jr. (Doc. No. 1). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

Petitioner was convicted of rape by a Mississippi County (Arkansas) jury in June 1997 and sentenced to life imprisonment in the Arkansas Department of Correction. That conviction was overturned by the Arkansas Supreme Court because Petitioner was not found to have knowingly and intelligently waived his right to counsel at trial. *Bledsoe v. State*, 337 Ark. 403, 989 S.W.2d 510 (1999). He was convicted of rape again at retrial and was sentenced to life imprisonment by the trial judge because the jury could not agree upon a sentence. His only point upon appeal challenged the trial court's admission of evidence regarding two prior burglaries. The conviction was affirmed by the Arkansas Supreme Court on March 8, 2001. *Bledsoe v. State*, 344 Ark. 86, 39 S.W.3d 760 (2001).

On April 16, 2001, Petitioner sought postconviction relief pursuant to Ark. R. Crim. P. 37.1,


arguing that he received ineffective assistance of counsel for various reasons and that it was error for the judge to sentence him rather than the jury. However, he did not serve the circuit judge or the prosecuting attorney, so the court did not become aware of the petition until he sought mandamus from the Arkansas Supreme Court on October 11, 2004. *Bledsoe v. Burnett*, 2005 WL 76001 (Ark.). The circuit court denied his Rule 37 petition on October 20, 2004. He appealed to the Arkansas Supreme Court, arguing that 1) the trial court improperly conferred with the jury without appellant present, and 2) the trial court abused its discretion in determining that the jury was deadlocked and sentencing Petitioner in its place. The circuit court's denial was affirmed on December 8, 2005. *Bledsoe v. State*, 2005 WL 3320858 (Ark.).

Petitioner allegedly filed a state habeas petition on September 18, 2006, but it was denied on December 27, 2006. He does not allege that there was any appeal.

## Discussion

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because he received ineffective assistance when his trial counsel failed to adequately prepare for trial, had a conflict of interest, failed to raise speedy trial arguments, failed to request a bond hearing, and engaged in ex parte communications with the jury without Petitioner present. Petitioner also complains that it was error for the judge to find that the jury could not agree on sentencing and sentence Petitioner himself. However, his claims fail because they are barred by the statute of limitations, procedurally defaulted, and without merit.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner filed his Rule 37 petition within ninety days of the Arkansas Supreme Court's denial of his direct appeal, the relevant starting date would have occurred on December 9, 2005, the day after his Rule 37 petition was denied by the

Arkansas Supreme Court.[1] The period ran for 283 days until he filed the state habeas petition on September 18, 2006. It began to run again on December 28, 2006, until he filed the current petition on July 26, 2012. Thus, this action was brought over five years too late.

Petitioner appears to argue that equitable tolling is appropriate because his postconviction appellate counsel told him that there wasn't anything to do after the appeal. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rues v. Denney*, 643 F.3d 618, 621 (8th Cir. 2011). Petitioner cannot blame his lack of diligence on lack of counsel because Petitioner sought relief through state habeas corpus and allowed the statute of limitations to lapse by more than five years.

Petitioner's ineffective assistance claims are also procedurally barred because he failed to raise them during his appeal to the Arkansas Supreme Court. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full

---

[1] *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (explaining that prisoners who do not seek review from the Supreme Court fall under the "expiration of the time for seeking such review" prong and that the date of a state court's mandate is irrelevant for federal habeas purposes); Fed. R. Civ. P. 6(a)(1)(A) (excluding the day of the event that triggers the time period from the time computation).

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848). Merely presenting his ineffective assistance of counsel claims to the circuit court did not invoke a complete round of Arkansas's appellate review process, and these claims are procedurally defaulted.

In addition to the fatal defects described above, the Court has reviewed Petitioner's claims and found them to be without merit.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 11th day of September, 2013.

_____
United States Magistrate Judge